THEODORE D. WILLIAMS *vs.* GEORGE H. BABBITT.

A sheriff cannot justify the attachment of goods under a writ which it was his duty to re turn into court, without showing that he has so returned it, although it was not returna ble before this action was commenced.

ACTION OF TORT against the sheriff of Bristol for the act of his deputy in attaching certain goods on mesne process against Gustavus French, under whom the plaintiff claimed title. Writ dated March 21st 1857.

The defendant contended that the conveyance to the plaintiff was fraudulent and void as against the creditors of French; and at the trial in Bristol, at April term 1859, offered in evidence the writ of attachment against French, (which was returnable in June 1857,) with the officer's return thereon, which stated that he attached the goods on the 17th of March 1857, and on the 28th of said March, by virtue of a warrant of insolvency issued by the judge of insolvency for the county of Bristol, took possession of said goods, and in May following delivered them into the possession of the assignees appointed at a court of insolvency held on the return day of the warrant.

The defendant's counsel said that he did not produce the writ from the custody of the clerk, and it appeared that it had never been entered in court, and there was no evidence that it had been returned to court except the return itself; and the plaintiff objected that it was inadmissible in evidence and afforded no justification. But *Hoar*, J. allowed it to be read, and after a verdict for the defendant, reported the case to the full court.

*C. I. Reed & E. L. Barney*, for the plaintiff.

*W. W. Crapo*, for the defendant.

This case was decided in June 1860.

HOAR, J. The general doctrine is well established, that if a sheriff seizes goods under a writ which it is his duty to return, he has no justification unless he discharges that duty. *Britton*

v. *Cole*, 1 Salk. 408.    *Shorland* v. *Govett*, 5 B. & C. 488, and 8
D. & R. 261.

In this case the action was brought before the writ was
returnable, and the attachment was dissolved by the proceedings
in insolvency before the return day ; and upon these considera-
tions it was ruled at the trial, that the return indorsed upon the
writ might constitute a justification.   But, upon full examina-
tion, we are all of the opinion that this ruling was erroneous,
and that a new trial must be granted.

If the action had been brought against the attaching officer
and a trial had before the writ upon which he made the attach-
ment was returnable, his production of the writ with his return
upon it would be sufficient, because he is the proper custodian
of the precept until the return day.   So if, by agreement of all
parties in interest, the writ had not been returned, he might jus-
tify without returning it.

· The case of *Wilder* v. *Holden*, 24 Pick. 8, which seems at first
inconsistent with the general rule, and in some of the reasoning
contained in the opinion of the court may be so, can be sus-
tained upon a distinction obviously just.   That was an action
for a malicious prosecution of the plaintiff by the defendant for
the crime of larceny.   The defendant, to show probable cause,
offered evidence of the attachment of property by an officer,
who put it into the custody of a receiptor ; and of a secret tak-
ing of it from the possession of the receiptor by the plaintiff,
before the return day of the writ.   It is very plain that the de-
fendant's cause to believe the plaintiff guilty of larceny could
not be affected, in any way, by the subsequent neglect of the
officer to return the writ.   The attachment was as much a fact
at the time he acted, whether the writ was afterwards returned
or not.

Perhaps a distinction would be made, upon somewhat similar
grounds, between the responsibility of an officer holding a pre-
cept which he should fail to return, and that of a person whose
assistance he should lawfully command to aid him in the ser-
vice.   In *Britton* v. *Cole*, above cited, and in various English
cases, the difference in this respect between a sheriff and his

assistant, bailiff or inferior officer, is expressly recognized. The bailiff has no custody of the writ, and is not therefore under obligation to return it.

The case at bar differs from the case of *Russ* v. *Butterfield*, 6 Cush. 242, only in the fact that in that case the action against the officer was not commenced until after the return day of the writ, while in this it was commenced before the writ on which the property was attached was returnable. But upon principle we do not think this circumstance material. The officer, by failing to return his writ, deprives himself of a defence which he might otherwise have made available. *New trial granted.*